# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TANESHIA RODGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 20CV998HEA |
| ) | |
| SECURA INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 8]. Plaintiff opposes the motion. For the reasons set forth below, the Motion is granted. Leave to amend will be granted.

### Facts and Background

Plaintiff's Petition[1] alleges, in pertinent part:

Plaintiff was a passenger in an A! Med Car, which was struck by Daja Jamerson, who was an uninsured driver. Plaintiff claims she was injured as a result of the accident, and that she suffered medical injuries, disability, pain and suffering, and impaired earning capacity. Plaintiff further claims she is entitled to

---

[1] Plaintiff filed this action in the Circuit Court for the County of St. Louis, Missouri. Defendants subsequently

protection of uninsured motorist coverage. Plaintiff seeks damages in the amount of $200,000 as a result of Jamerson's alleged negligence.

Defendant, Secura Insurance Company, moves to dismiss the Petition for failure to state a claim upon which relief may be granted.

## Standard of Review

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). This court "accepts as true the complaint's factual allegations and grants all reasonable inferences to the non-moving party." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018)(citations omitted).

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *McShane Constr. Co., LLC v. Gotham Ins. Co.*, 867 F.3d 923, 927 (8th Cir. 2017), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " *Id.*, *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is facially plausible when "the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, *quoting Iqbal*, 556 U.S. at 678; *see also, Metro. Omaha Prop. Owners Ass'n, Inc. v. City of Omaha*, No. 20-1006, 2021 WL 952678, at *2 (8th Cir. Mar. 15, 2021).

In addressing a motion to dismiss, "[t]he court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011).

## Discussion

Plaintiff's Petition fails miserably under the *Twombly* standard. Plaintiff did not attach any insurance policy to the Petition, therefore, the subsequent attempt to have the Court consider any uninsured motorist policy as embraced by the pleadings fails. Furthermore, Plaintiff fails to allege any insurance policy issued by Defendant. Plaintiff, in complete conclusory fashion, alleges she is entitled to uninsured motorist coverage. Plaintiff sets forth none of the elements of a breach of any insurance policy under which she may be entitled to recover. The Petition fails to state a claim that is facially plausible. Plaintiff fails to "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McShane Constr. Co., LLC* 867 F.3d at 927,

quoting *Iqbal*, 556 U.S. at 678; *see also Metro. Omaha Prop. Owners Ass'n, Inc. v. City of Omaha*, No. 20-1006, 2021 WL 952678, at *2 (8th Cir. Mar. 15, 2021).

## Conclusion

Based upon the foregoing analysis, Defendants' Motion to Dismiss is well taken.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 8] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date of this Opinion, Memorandum, and Order to file an Amended Complaint.

Dated this 23rd day of March, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE