**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **TANESHIA RODGERS,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 4:20CV998 HEA |
| ) | |
| **SECURA Insurance Company,** ) | |
| ) | |
|     **Defendant.** ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. No. 31]. Plaintiff opposes the Motion. For the reasons set forth below, the Defendant's Motion will be granted. Plaintiff will be granted leave to file a Third Amended Complaint.[1]

**Facts and Background**

Plaintiff Taneshia Rodgers filed this action in the Circuit Court for the County of St. Louis, Missouri, against Defendant SECURA Insurance Company for a breach of an uninsured motorist contract. Defendant subsequently removed this action pursuant to the Court's diversity jurisdiction and filed a Motion to Dismiss Plaintiff's Petition for failure to state a claim. This Court found Plaintiff's Petition alleged conclusions without any factual support and failed to state a claim

---

[1] Leave to amend should be freely given "when justice so requires." Fed.R.Civ.P. 15(a)(2).

that is facially plausible for several reasons, including but not limited to, failing to attach any insurance policy to her Petition. This Court granted Plaintiff leave to file an Amended Complaint. Plaintiff filed her First Amended Complaint with an insurance policy attached as Exhibit A, which Defendant moved to dismiss. Plaintiff then requested leave to amend her complaint that "overcomes the Defense's objection," which this Court granted. Plaintiff filed her Second Amended Complaint (without any exhibits attached), and Defendant again moved to dismiss under Fed.R.Civ.P. 12(b)(6), arguing Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted, which Plaintiff opposes.

Plaintiff's Second Amended Complaint alleges, in pertinent part:

On October 29, 2018, Plaintiff was a passenger in an A-1 Med Car, which was insured by Defendant, that was negligently struck by Daja Jamerson, an uninsured driver, at Bellefontaine Neighbors, Missouri.

Defendant insured A-1 Med Car for the protection of its passengers injured by the negligence of an uninsured vehicle in the amount of $1,000,000. At the time and place of the accident, Plaintiff was, under the terms of the policy, a covered person entitled to protection of said uninsured motorist coverage. As part of Defendant's coverage, it extended insurance motorist coverage to every passenger in the vehicle for damages or injuries in an amount up to $1,000,000.

Plaintiff claims she was injured as a result of the accident, and that she suffered medical injuries, disability, pain and suffering, and impaired earning capacity. Plaintiff further claims her injuries are covered by Defendant's uninsured motorist policy issued to A-1 Med Car. Plaintiff seeks damages in the amount of $200,000 as a result of Jamerson's alleged negligence.

## Standard of Review

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a)(2). If a pleading fails to state a claim upon which relief can be granted, an opposing party may move to dismiss it. *See* Fed. R. Civ. P. 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). This court "accepts as true the complaint's factual allegations and grants all reasonable inferences to the non-moving party." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

3

on its face." *McShane Constr. Co., LLC v. Gotham Ins. Co.*, 867 F.3d 923, 927 (8th Cir. 2017), quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The complaint "must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.,* quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.,* quoting *Iqbal,* 556 U.S. at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

## Discussion

Plaintiff fails to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a)(2). Plaintiff merely alleges conclusions that she is entitled to Defendant's uninsured motorist coverage without any factual support. For instance, there is no statement about if an insurance claim was filed and rejected by Defendant or if Plaintiff was even a passenger covered under the policy. Plaintiff assumes there is automatic coverage, but she makes no causal connection between the uninsured motorist policy and Defendant's breach. Simply alleging because she was a passenger in a car covered under Defendant's uninsured motorist policy when she sustained injuries after being struck by a negligent and uninsured driver fails to sufficiently plead a breach of the insurance

4

policy under which she may be entitled to recover. While Plaintiff attempts to cure the Second Amended Complaint's flaws by arguing it is clear Defendant did not pay per the terms of the policy, and that is the "breach" in her Response in Opposition to the Motion, the Court is bound by the allegations in the Second Amended Complaint.  Furthermore, Plaintiff filed an insurance policy to her First Amended Complaint, attached as Exhibit A, but she did not attach any insurance policy to the Second Amended Complaint. Although the insurance policy will be essential to any further amended complaints filed, this is a very minor issue compared to the substantive flaws. The Second Amended Complaint fails to state a claim that is facially plausible. Plaintiff fails to "plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McShane Constr. Co., LLC*  867 F.3d at 927, *quoting Iqbal*, 556 U.S. at 678; *see also Metro. Omaha Prop. Owners Ass'n, Inc. v. City of Omaha*, No. 20-1006, 2021 WL 952678, at *2 (8th Cir. Mar. 15, 2021).

## Conclusion

Plaintiff's Second Amended Complaint fails under the *Twombly* standard. If there is a cause of action, Plaintiff should be able to plausibly state a claim. Based upon the foregoing analysis, Defendant Motion to Dismiss is well taken.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 31] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date of this Opinion, Memorandum, and Order to file an Amended Complaint.

Dated this 10th day of March, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE